NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3830
_____

UNITED STATES OF AMERICA

v.

ARIEL L. JEFFERS,
a/k/a LASHAWN NORRIS JEFFERS,
a/k/a NERVOUS

Ariel L. Jeffers,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-08-cr-00016-001)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 23, 2012

Before:  HARDIMAN, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Filed: December 3, 2012)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Ariel Jeffers appeals the District Court's judgment of conviction and sentence.  His

attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw and affirm the District Court's judgment.

I

Jeffers was indicted by a federal grand jury in the Western District of Pennsylvania on two counts: distribution of less than 5 grams of cocaine base (commonly known as crack cocaine) in violation of 21 U.S.C. § 841(a) (Count I); and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count II).

Count I stemmed from a controlled purchase of crack cocaine on August 15, 2007. On that day, a confidential informant working with the Cambria County Drug Task Force purchased crack cocaine from Jeffers at the Galleria Mall. The informant entered Jeffers' vehicle and exchanged $250 in marked bills for the crack cocaine. After the sale, Jeffers drove to a local Sheetz convenience store to purchase gasoline and the police followed him. Jeffers paid for the gasoline in cash. Immediately after Jeffers left the premises, the police retrieved a $20 bill from the gasoline pump used by Jeffers. The $20 bill was one of the marked bills that had been exchanged for crack cocaine at the Galleria Mall.

Count II of the indictment stemmed from an unrelated incident. At approximately 2:15 a.m. on August 25, 2007, Officer Chad Miller of the Johnstown Police Department arrived at Palumbo's Tavern to investigate a stabbing. As he arrived, Officer Miller saw Jeffers 15 to 20 yards away holding a black handgun. Officer Miller immediately exited

2

his vehicle, drew his firearm, and told Jeffers to stop. Jeffers fled, but was apprehended after a brief chase. Although Officer Miller did not find a gun on Jeffers' person, he and Officer B.J. Newman retraced the chase route, and Officer Newman found a black .380 caliber handgun in an adjacent alleyway between Palumbo's Tavern and a house.

Following his indictment, Jeffers pleaded not guilty to both counts. Attorney Marketa Sims was appointed to represent Jeffers. However, on February 17, 2009, Sims filed a motion to withdraw after Jeffers sent a letter to United States District Judge Kim R. Gibson stating that he was displeased with Sims' representation because she had allegedly refused to file various motions he had requested and because she had repeatedly filed for continuances after Jeffers told her not to do so. Judge Gibson granted the motion and appointed attorney William McCabe as Jeffers' new counsel.

On March 16, 2009, Judge Gibson entered an order severing Count I from Count II for trial. Count II proceeded to trial first. On December 10, 2009, the jury found Jeffers guilty. After the trial, McCabe filed a motion to withdraw as counsel, which was granted. Attorney Harry Smail was later appointed to represent Jeffers during sentencing and for purposes of Count I.

On March 16, 2011, Jeffers withdrew his plea of not guilty and pleaded guilty to Count I of the indictment. A sentencing hearing was held on October 4, 2011. Because Jeffers was a career offender under § 4B1.1 of the United States Sentencing Guidelines (USSG) and his criminal history category was VI, his advisory Guidelines range was 210

months' to 240 months' imprisonment, the top end limited by the statutory maximum. After addressing the sentencing factors in 18 U.S.C. § 3553(a) and hearing argument from both Jeffers and the Government, the District Court varied downward, sentencing Jeffers to 180 months' imprisonment at Count I and 72 months' imprisonment at Count II, to run concurrently.

Jeffers filed a timely notice of appeal. Counsel now seeks to withdraw pursuant to *Anders*, asserting that there are no nonfrivolous issues for appeal. Jeffers has filed a pro se brief in opposition to counsel's brief. The Government has filed a brief supporting counsel's *Anders* motion.

## II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Under *Anders*, we ask: (1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a); and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009).

### A

To satisfy the first prong of *Anders*, counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany his

4

motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The brief must "satisfy the court that [counsel] has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300. Counsel need not raise and reject every possible claim; rather, he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised." *Id.* (quoting *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000)).

In his *Anders* brief, Jeffers' counsel identifies three potential issues for appeal: (1) that the District Court should have granted Jeffers a two-point reduction in his sentencing offense level for acceptance of responsibility pursuant to USSG § 3E1.1; (2) that Attorney McCabe rendered ineffective assistance of counsel at trial when he failed to cross-examine a witness regarding Jeffers' alleged possession of a handgun in 2005 or 2006, a prior bad act deemed admissible by the District Court; and (3) that Attorney Sims rendered ineffective assistance of counsel when she obtained multiple pre-trial continuances without obtaining Jeffers' consent. Counsel then attempts to explain why each is frivolous. With respect to the first issue, he argues that the District Court's decision to decline to apply the acceptance of responsibility reduction was well within its discretion. With respect to the second and third issues, he argues that ineffective assistance of counsel claims are premature, and should instead be brought on collateral

5

review.

Jeffers' pro se brief makes three arguments. His first and third arguments mirror the first and third arguments raised in counsel's *Anders* brief. The second pro se argument is that Count I of the indictment was invalid because there is no crime of "distribution of less than 5 grams of cocaine base" in 21 U.S.C. §§ 841(a)(1) or 841(b)(1)(C).

We are satisfied that counsel has conducted an adequate examination of the record and adequately explained that there are no nonfrivolous issues for appeal. *See Youla*, 241 F.3d at 300. Therefore, we conclude that the *Anders* brief is adequate.

## B

"Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself,'" as well as issues raised in a defendant's pro se brief. *Id.* at 301 (quoting *Marvin*, 211 F.3d at 553). We consider each issue in turn, and find all to be without merit.

## 1

The first argument is that the District Court should have granted Jeffers a two-point reduction in his sentencing offense level for acceptance of responsibility pursuant to USSG § 3E1.1. "[W]e are especially deferential to the sentencing court's assessment of whether the defendant accepted responsibility." *United States v. Williams*, 344 F.3d 365, 379 (3d Cir. 2003); *see also* U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.5 ("The

6

sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility . . . . [T]he determination of the sentencing judge is entitled to great deference on review.").

Jeffers concedes that initially he did not accept responsibility for his actions. He proceeded to a jury trial on Count II of the indictment and only pleaded guilty to Count I after a guilty verdict was rendered against him. "[W]here . . . a defendant pleads guilty to some counts but goes to trial on others, the Court must assess the 'totality of the circumstances' in deciding whether to grant a reduction for acceptance of responsibility." *Williams*, 344 F.3d at 379 (citing *United States v. Cohen*, 171 F.3d 796, 806 (3d Cir. 1999)). The "totality" assessment must include the fact that the defendant originally pleaded not guilty to all the counts and put the Government to its proof on some counts in a jury trial. *Cohen*, 171 F.3d at 806.

We cannot say that the District Court abused its discretion by denying the acceptance of responsibility reduction. The District Court explained that "[t]he totality of the situation assessment . . . leads the Court to conclude that the defendant should not receive any downward adjustment for acceptance of responsibility." App. 152. The District Court could properly take into account Jeffers' decision to go to trial on Count II, his initial plea of not guilty on both Counts, his behavior at trial which included an outburst in front of the jury, and other factors. We therefore find this argument meritless.

The second and third issues are ineffective assistance of counsel claims. Counsel first argues that Jeffers' trial counsel, William McCabe, rendered ineffective assistance by failing to cross-examine Ashley Alwine, a prosecution witness, regarding Jeffers' alleged possession of a handgun in 2005 or 2006, a prior bad act deemed admissible by the District Court. Counsel then argues that Jeffers' pre-trial counsel, Marketa Sims, was ineffective because she continued Jeffers' case without his consent, violating his rights under the Speedy Trial Act.

Generally, we do not entertain ineffective assistance of counsel claims on direct appeal. *See, e.g.*, *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffective assistance of trial counsel to a collateral attack." (citing *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998))). Instead, we prefer these claims to be raised on collateral review pursuant to 28 U.S.C. § 2255. *Id.* at 272. This rule stems from the fact that the record on direct appeal is almost always insufficient to allow determination of the ineffective assistance issue. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

Although a narrow exception exists when the record is sufficient to allow determination of the ineffective assistance of counsel claim, *see United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991), these rare circumstances do not exist here. Therefore, we will decline to review these ineffective assistance claims on direct review.

The final issue is the second claim raised in Jeffers' pro se brief: that Count I of the indictment was invalid because 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c) do not mention the crime he was charged with, distribution of less than 5 grams of cocaine base. He asserts that this deprived the District Court of jurisdiction to hear his case and that the indictment did not give him adequate notice of the charges. This argument is frivolous.[1]

### C

Pursuant to the second prong of *Anders*, we have conducted an independent review of the record and find that there are no appealable issues of merit.

### III

For the foregoing reasons, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.

---

[1] Section 841(a)(1) makes it unlawful for any person knowingly or intentionally to distribute a controlled substance. Section 841(b)(1)(C) sets out the consequences of violating subsection (a) in the case of a substance in schedule I or II. Cocaine base is a schedule II controlled substance. Jeffers sold 2.2 grams of cocaine base; hence less than 5 grams. Jeffers was therefore charged with distribution of less than 5 grams of cocaine base at Count I.